IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AUGUST WAKAT;<br>POEBOY FLEMING AUTO<br>SALVAGE, INC.,<br><br>        Plaintiffs,<br><br>v.<br><br>CITY OF TULSA;<br>FAIR OAKS TOWNSHIP;<br>JOE ROBSON, individually and as agent of Fair Oaks, LLC;<br>HENRY WINN;<br>LAMAR ADVERTISING COMPANY;<br>ANN LANDRITH TRUST;<br>ROBERT RAINBOLT;<br>JEREMY BILLINGSLY;<br>PLAINVIEW SALVAGE INC.;<br>R. LAWSON VAUGHN, in his official capacity as City Attorney for the City of Tulsa;<br>JOHN DOES 9–50, unknown persons acting in concert under the moniker "Cowboy Mafia";<br>AMANDA ALSIP, in her official capacity as Wagoner County Land Records Clerk,<br><br>        Defendants. | Case No. 25-CV-00268-SEH-CDL |

## OPINION AND ORDER

Before the court is Petitioner August Wakat's Petition for Writ of Mandamus and Motion for Relief Under Rule 60(a) and (b). [ECF No. 1].

Wakat seeks a writ, pursuant to 28 U.S.C. § 1361, compelling Defendants Amanda Alsip, R. Lawson Vaughn, and Joe Robson "to correct a clerical and jurisdictional error in the public land records regarding the annexation of Plaintiff's property and the alleged incorporation into the Township of Fair Oaks." [*Id*. at 1–2]. He further requests an Order "directing the United States District Court for the Northern District of Oklahoma in Case No. 4:24-cv-564 to enforce correction of the record in accordance with this Court's findings," and "relief under Federal Rule of Civil Procedure 60(a) and (b)." [*Id*. at 2].

Title 28, section 1361 provides "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Thus, section 1361 "applies only if a plaintiff seeks to compel an officer or employee of the United States or its agents to act." *Adkins v. Koduri,* No. 21-3134, 2021 WL 5122277, at *1 (10th Cir. Nov. 4, 2021) (unpublished).[1] "The statute does not allow relief against state officials or state agencies." *Mathieu v. Brown,* 780 F. App'x 665, 666 (10th Cir. 2019) (citation omitted). Nor does § 1361 provide a basis for subject matter jurisdiction against private persons or entities. *Meadows v. Explorer Pipeline Co.,* No. 13-CV-568-GKF-TLW, 2014 WL 1365039, at *7 (N.D. Okla. Apr. 7,

---

[1] "Unpublished decisions are not precedential, but may be cited for their persuasive value." 10th Cir. R. 32.1(A).

2014); *Watts v. United States,* No. 95-CV-061-D, 1996 WL 149326, at *1 (D. Wyo. Jan. 19, 1996) (collecting cases).

Wakat asserts that Aslip is the Wagoner County Land Records Clerk, Vaughn is the attorney for the City of Tulsa, and Robson is the agent of Fair Oaks, LLC. [ECF No. 1 at 2–3]. He does not allege that they are officers, employees, or agents of the United States. Rather, it appears that Wakat is suing Aslip and Vaughn in their official state and local capacities and suing Robson as an agent of a private entity. Therefore, § 1361 does not permit relief. *Mathieu,* 780 F. App'x at 666; *Meadows*, 2014 WL 1365039, at *7. Consequently, the court lacks subject matter jurisdiction and Wakat's petition for writ of mandamus is dismissed without prejudice.

Wakat further seeks relief under Federal Rule of Civil Procedure 60(a) and (b), "to modify or vacate any findings, orders, or judgments that relied upon the erroneous annexation or signage encumbrance." [ECF No. 1 at 6]. Rule 60(a) permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The Rule "allows a court to correct 'what is erroneous because the thing spoke, written or recorded is not what the person intended to speak, write or record.'" *Martinez v. Dart Trans, Inc.*, 547 F. Supp. 3d 1140, 1149 (D.N.M. 2021) (quoting *Allied Materials Corp. v. Superior Prods. Co., Inc.*, 620 F.2d 224, 226 (10th Cir. 1980)). It "may not be

used to clarify a judgment because the original was incorrect," nor "change the Court's deliberate action." *Id.* (quotations omitted). Further, the Rule provides, "after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave."

Rule 60(b) allows a court to "relieve a party or its legal representative from a final judgment" based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment that is satisfied, released, or discharged, based on an earlier judgment that has been reversed or vacated, or is no longer equitable when applied prospectively; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). This relief should only be granted in exceptional circumstances. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (internal quotations omitted).

Here, Wakat requests that this Court order another district court to correct its judgment. However, he cites no authority, and the Court is aware of none, that would allow this Court to order correction of another district court's judgment. In essence, Wakat seeks substantive review of the judgment entered in the United States District Court for the Northern

District Oklahoma Case No. 4:24-cv-564. Rule 60 does not provide him with any avenue for relief in this matter.

Wakat also attempts to assert a claim for damages under 42 U.S.C. § 1983 for violation of his constitutional rights. [ECF No. 1 at 4, 6]. However, the filing is styled as a "Petition for Writ of Mandamus" and seeks an Order of this Court. "A petition does not constitute a pleading under the Federal Rules of Civil Procedure." *Robinson v. United States*, No. 13-CV-02269-MSK-CBS, 2014 WL 2536828, at *7 n.3 (D. Colo. June 5, 2014). Wakat is obligated to plead his claims pursuant to the Federal Rules of Civil Procedure. 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1183 (4th ed. June 2024 update).

THEREFORE, the Petition for Writ of Mandamus [ECF No. 1] is dismissed without prejudice for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that, on or before August 25, 2025, Plaintiff shall file a Complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure. If Plaintiff fails to do so, he is advised that this case may be dismissed without prejudice.

IT IS SO ORDERED this 4th day of August, 2025.

Sara E. Hill
UNITED STATES DISTRICT JUDGE