IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AUGUST WAKAT;<br>POEBOY FLEMING AUTO<br>SALVAGE, INC.,<br><br>       Plaintiffs,<br><br>v.<br><br>CITY OF TULSA;<br>FAIR OAKS TOWNSHIP;<br>JOE ROBSON, individually and as agent of Fair Oaks, LLC;<br>HENRY WINN;<br>LAMAR ADVERTISING COMPANY;<br>ANN LANDRITH TRUST;<br>ROBERT RAINBOLT;<br>JEREMY BILLINGSLY;<br>PLAINVIEW SALVAGE INC.;<br>R. LAWSON VAUGHN, in his official capacity as City Attorney for the City of Tulsa;<br>JOHN DOES 9–50, unknown persons acting in concert under the moniker "Cowboy Mafia";<br>AMANDA ALSIP, in her official capacity as Wagoner County Land Records Clerk,<br><br>       Defendants. | Case No. 25-CV-00268-SEH-CDL |

## OPINION AND ORDER

This matter comes before the Court *sua sponte*. On June 2, 2025, Plaintiff August Wakat filed a Petition for Writ of Mandamus. [ECF No. 1]. Therein,

Mr. Wakat, pursuant to 28 U.S.C. § 1361, sought a writ compelling Defendants Amanda Alsip, R. Lawson Vaughn, and Joe Robson "to correct a clerical and jurisdictional error in the public land records regarding the annexation of Plaintiff's property and the alleged incorporation into the Township of Fair Oaks." [*Id.* at p. 1–2]. He further requested an Order "directing the United States District Court for the Northern District of Oklahoma in Case No. 4:24-cv-564 to enforce correction of the record in accordance with this Court's findings," and "relief under Federal Rule of Civil Procedure 60(a) and (b)." [*Id.* at 2].

In an August 4, 2025 Order, the Court dismissed the petition for lack of subject matter jurisdiction. [ECF No. 11]. However, the Court noted that Mr. Wakat attempted in the petition to assert a claim for damages under 42 U.S.C. § 1983 for violations of his constitutional rights. [ECF No. 1 at 4, 6]. Because a petition is not a pleading, and Mr. Wakat was obligated to plead his claims pursuant to the Federal Rules of Civil Procedure, the Court directed that, on or before August 25, 2025, Mr. Wakat file a complaint that complied with the pleading requirements of the Federal Rules of Civil Procedure. [ECF No. 11 at 5]. The Court advised that, if Mr. Wakat failed to do so, the case may be dismissed without prejudice. [*Id.*].

The deadline has lapsed, and Mr. Wakat has not filed any complaint, let alone one that complies with the Federal Rules of Civil Procedure. "The

Federal Rules of Civil Procedure make clear that *only* a properly-filed 'complaint' can commence a civil action." *Powell v. Rios*, 241 F. App'x 500, 505 n.4 (10th Cir. 2007) (emphasis in original); *see also* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action for failure to prosecute or comply with the Federal Rules of Civil Procedure or a court order.[1] Fed. R. Civ. P. 41(b). This is because "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation[.]" *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007). Mr. Wakat has failed to comply with this Court's August 4, 2025 Order. Accordingly, the Court will dismiss this case without prejudice pursuant to Rule 41(b).

WHEREFORE, this case is dismissed without prejudice pursuant to Rule 41(b). The Court Clerk is directed to terminate this matter.

IT IS SO ORDERED this 3rd day of September, 2025.

Sara E. Hill
UNITED STATES DISTRICT JUDGE

---

[1] "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).